WOLFE v. PORT ROYAL & AUGUSTA RAILWAY COMPANY.

1. On a motion to stay a sale under levy until an appeal from the trial justice's judgment is heard, the Circuit Judge cannot adjudicate the sufficiency of the appeal.

2. The object of exceptions is to point out the particulars in which the alleged errors of law consist.    On appeal from a judgment by default, rendered by a trial justice, the Circuit Judge properly ruled that the notice of appeal was insufficient, the only ground being "that manifest injustice had been done the defendant by the said judgment, and that defendant's default in not being present at the trial was excusable."

3. A judgment on the facts, rendered by the Circuit Judge on appeal from a trial justice, is not appealable to this court.

Before PRESSLEY, J., Barnwell, November, 1885.

The opinion fully states the case.

*Messrs. Elliott & Howe*, for appellant.

*Mr. A. B. Conner*, contra.

October 11, 1886.    The opinion of the court was delivered by MR. JUSTICE McGOWAN.    The plaintiff obtained a judgment against the defendant corporation before trial justice W. M. Bostick, on September 5, 1885, of which notice was given to the com-

pany on September 11. On September 15, the defendant gave notice of appeal to the Court of Common Pleas, upon the ground "that manifest injustice had been done the defendant by the said judgment, and that defendant's fault in not being present at the trial was excusable." The plaintiff, disregarding the appeal, had one of the freight cars of the company levied on to satisfy the judgment, and thereupon the defendant applied to Judge Pressley at chambers to restrain the sale under the levy aforesaid; and as it appeared that an appeal was pending, Judge Pressley ordered the levy released, "and that all proceedings under said judgment and execution be stayed until the appeal therefrom to the Court of Common Pleas shall be heard, the notice in said appeal having been served within the time prescribed by law in such case." From this order the plaintiff gave notice of appeal.

Afterwards, at the regular term of the Court of Common Pleas, when the case was reached on the docket, the plaintiff, having previously given notice to that effect, moved to dismiss the appeal upon two grounds: first, that the notice was not served within the time prescribed by law; and second, that the exceptions and grounds of appeal are not sufficiently definite and specific. The judge granted the motion and dismissed the appeal, "because of insufficiency of the notice of appeal." From this order the defendant corporation appeals to this court upon the following grounds: "I. Because his honor erred in holding that the notice of appeal was insufficient. II. Because his honor erred in holding that the notice of appeal was not sufficiently definite. III. Because his honor erred in holding that the notice of appeal should have stated further grounds than 'that manifest injustice had been done defendant, and that defendant's neglect was excusable.' IV. Because his honor erred in holding that affidavits should have been served with said notice of appeal," &c.

There is nothing in the view urged that the matter of the sufficiency of the appeal was, or should have been, "adjudicated" in the application of the defendant to suspend the enforcement of the execution. That application was made at chambers, and the judge could do no more than he did—"stay all proceedings upon

the judgment and execution, until the regular appeal to the Court of Common Pleas could be heard."

The very object of exceptions is to point out the particulars in which the errors of law complained of consist. When, in the case of a judgment rendered by default in a trial justice court, the defendant seeks a new trial upon the ground that his "default was excusable," the act itself which gives the right, expressly declares that, "If the defendant failed to appear before the trial justice, and it is shown by the affidavits served by the appellant or otherwise that manifest injustice has been done, and he satisfactorily excuses his default, the court may, in its discretion, set aside or suspend judgment and order a new trial," &c. Subdivision 1, section 368, of the Code. It was certainly not a compliance with this provision of the law for the appellant simply to state as a ground of appeal "that manifest injustice had been done, and that defendant's default in not being present at the trial was excusable," without stating any of the circumstances which made it "excusable." Such exception gives no fact upon which the discretion of the judge may be exercised. It is really no more than the expression of the opinion of the defendant himself, which would very probably exist in the case of every judgment rendered by default. Besides, if the particular facts had been fully stated, and the Circuit Judge had exercised his discretion and rendered his judgment on the facts, such judgment would not have been appealable to this court, which only corrects errors of law, except in cases in chancery. See *Le Conte* v. *Irwin*, 19 *S. C.*, 556, and authorities.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.